## Hakspacher, Appellant, *v.* Aetna Beneficial Association.

*Beneficial association—Sick benefits—Confinement to the house.*

Where the certificate of a beneficial association provides that sick benefits shall only be paid during the period that the member " is strictly, necessarily and continuously confined in the house and subject to the regular personal calls of a physician in good standing, and totally disabled and prevented from transacting any and every kind of business whereby the insured can obtain a livelihood," such benefits are not payable where it appears that a member was under treatment of a physician and was totally disabled from transacting business during a period claimed, but that during such period he made weekly trips from his seashore abode to his home in another state for treatment by a physician going on Thursday and returning on Saturday.

Argued Oct. 15, 1913. Appeal, No. 124, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1910, No. 2,615, for defendant n. o. v. in case of Mary E. Hakspacher, Executrix of the Last Will and Testament of William F. Hakspacher, v. Aetna Beneficial Association. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for sick benefits.   Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*Thomas J. Norris,* with him *D. Clarence Gibboney,* for appellant.

*Bertram D. Rearick,* with him *Bernard A. Illoway,* for appellee.

PER CURIAM, December 8, 1913:

This action of assumpsit was brought by William F. Hakspacher to recover from the defendant association, of which he was a member, a certain sum as sick benefits to which he claimed to be entitled. Before the case came to trial he died and his executrix was substituted as plaintiff. No testimony was introduced by the defendant on the trial, and no disputed question of fact arose upon the testimony introduced by the plaintiff. The defendant's point for binding direction was refused and under the court's direction a verdict was rendered for the plaintiff. Subsequently, judgment was entered for the defendant non obstante veredicto under the act of 1905, whereupon the plaintiff appealed and has assigned for error this action of the court.

There being no dispute as to the facts, the determination of the issue depends on the construction of the following clause of the policy of insurance issued by the defendant to the decedent; "Second: Against sickness or disease, which has its cause or beginning after the expiration of ninety days from the time when this certificate became of force and effect, at the following rates, for the number of consecutive days following the first week of sickness, to be computed from the date of the first attendance by a physician, during the period that

the insured is strictly, necessarily and continuously confined in the house and subject to the regular personal calls of a physician in good standing, and totally disabled and prevented from transacting any and every kind of business whereby the insured can obtain a livelihood," etc.   The particular part of this clause which is brought in question is "during the period that the insured is strictly, necessarily and continuously confined in the house."   It appears from the testimony that during the period for which sick benefits were claimed the insured was under the observation and treatment of a physician in good standing and was totally disabled and prevented from transacting business whereby he could obtain a livelihood.   But it also appears, and is undisputed, that during the same period he made weekly trips from his seashore abode to his Philadelphia home for treatment by his physician, going on Thursday and returning on Saturday.

The principle is well established that where the terms of such a contract are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted.   Thus far we agree with appellant's counsel, but we are unable to follow them to the conclusion that the words of the clause we have quoted are susceptible of a construction which would permit us to hold that the insured was "strictly, necessarily and continuously confined in the house" within the true intent and meaning of that clause. The words are not ambiguous and to give them the force and effect of their plain, ordinary meaning is not to adopt a strict and technical construction as opposed to a permissible liberal construction, but is to give effect to a strict provision which, hard though it may be, the parties saw fit, and deliberately intended, to make part of their contract.   The idea is clearly expressed in the following excerpt from the opinion of the supreme judicial court of Massachusetts in Hatch v. U. S. Casu-

alty Co., 197 Mass. 101: "We recognize the principle that in the case of an ambiguity in the meaning of an insurance policy, complicated in its terms and drawn up by the insurer, every doubt is to be resolved in favor of the insured, to the end that the purpose of the contract, which is one of indemnity against loss, may be attained; but we must also recognize another principle, equally imperative, namely, that parties have the right to make their own contracts and, in the absence of fraud, or some other legal reason justifying a repudiation or breach, must be held bound by them. Hence where, as in the case before us, there is but one reasonable construction of the contract possible, no matter how hard that construction may seem to be in its result upon one or both of the parties, we are not at liberty to reject it but must expound the writing as it was made and as it stands."

In Lieberman v. Columbia National Life Ins. Co., 47 Pa. Superior Ct. 276, the question as to the meaning of a clause relating to "confinement to the house" in a similar contract was under consideration, and the conclusion was reached that the fact of such confinement was intended to be a conclusive test of liability and not merely an evidentiary fact bearing upon the question of sickness. Whilst that conclusion seems not to be in harmony with some of the cases cited from other jurisdictions by appellant's counsel, yet as shown by the long line of decisions of the courts of other states cited in the brief of appellee's counsel, it is sustained by the weight of authority and in our judgment is compelled by sound and well-established principles governing the construction of contracts.

The judgment is affirmed.