## Stahl v. The Ridgely Protective Association

*Ben Branch*, for plaintiff; *J. C. & A. S. Loose*, for defendant.

THOMAS, P. J., December 31, 1932—This action of assumpsit was brought by the plaintiff to recover from the defendant association, of which he was a member, a certain sum as sick benefits to which he claimed to be entitled under what is called a health insurance policy.

A stipulation was filed by the parties hereto dispensing with a trial by jury and agreeing that the case be tried before the court in accordance with the Act of April 22, 1874, P. L. 109. No testimony was taken, the parties agreeing to the following facts:

"1. That from July 25 to July 30, 1930, inclusive, plaintiff was confined in the Palmerton Hospital at Palmerton, Pa., which is located 10 miles from plaintiff's residence, for hospital attention and an operation, which absolutely and necessarily confined him in said hospital during said period and prevented him from attending to his occupation and usual and customary activities.

"2. That from July 31st to August 25th, both inclusive, plaintiff remained in his residence and was unable to leave it for any purpose, except that on each day during said period he was transported in an automobile operated by another from his residence to Palmerton Hospital and return, for the purpose of receiving continued hospital attention.

"3. That all other facts for decision of the case shall be found from the pleadings."

The material provisions of the policy are as follows:

### "Confining Sickness Indemnity

"E. For disability resulting from sickness with a pronounced disease whereby the insured is totally disabled and absolutely and necessarily confined for at

least 7 consecutive days within his house or a hospital the association will pay $12 for the first entire week and at the same rate for each succeeding week or immediate consecutive fraction thereof that the insured shall be so disabled and confined, provided that payment shall be made only for the period during which the insured shall be regularly and personally attended by a qualified physician.

### "Non-confining Sickness Indemnity

"F. For disability resulting from sickness with a pronounced disease whereby the insured is totally disabled for at least 7 consecutive days but not confined within his house or a hospital, the association will pay $6 for the first entire week of such disability and at the same rate for each succeeding week, or immediate consecutive fraction thereof, of such disability, or if the insured immediately preceding or immediately following a confining sickness as described in clause E is totally disabled by sickness with a pronounced disease, the association will pay at the same rate for each week or immediate consecutive fraction thereof of such disability, so preceding or following such confining sickness, provided that in any event payment shall be made only for the period during which the insured shall be regularly and personally attended by a qualified physician."

There is no dispute that the plaintiff during the month of July, 1930, became sick with a rectal disease and as a result thereof became totally disabled and remained unable to attend his occupation from July 25 to July 30, 1930, both inclusive, for a period of 1 week. During this period the plaintiff was absolutely and necessarily confined within the Palmerton Hospital and under the terms of the policy is entitled to a weekly benefit of $12. From July 31st to August 25th, both inclusive, plaintiff was at his home in Mauch Chunk and made daily visits to the Palmerton Hospital and return, a distance of 20 miles, by automobile, the automobile not being operated by him. These daily visits were made to the hospital for the purpose of having a qualified physician there at said hospital to attend him. Plaintiff contends that in spite of these daily trips he was absolutely and necessarily confined within his home or hospital and entitled to full benefits. Defendant contends that by reason of these daily visits to the hospital for the attendance of a physician plaintiff was not absolutely and necessarily confined within his home or hospital and was therefore not entitled to benefits at the rate of $12 per week, but was entitled under the provisions of paragraph F of the policy to $6 a week. The plaintiff was further entitled to 10 percent increase of the benefits, having paid four quarterly premiums in advance. The only question involved here is whether the plaintiff is entitled to full benefits from July 31st to August 25th, inclusive, a total of $60.34, or to full benefits for the first week and partial benefits for the remaining period, amounting to $36.77.

The evidence is undisputed that the defendant was not "absolutely and necessarily . . . confined to his house or a hospital" or that he was "so disabled and confined" to his home and there regularly and personally attended by a qualified physician from July 31 to August 25, 1930.

Under clause E of the policy confinement is the test of disability, and as the plaintiff daily left his home and traveled a distance of 20 miles by automobile to obtain treatment from a qualified physician at the hospital, the defendant is not liable to the plaintiff under this clause for the period between July 31 and August 25, 1930.

The foundation fact upon which recovery must be based seems to be "absolutely and necessarily confined . . . within his house or hospital." It cannot

be said that he was confined in the hospital when he made his daily visits and returned home each day, and such visits precluded his confinement within his house.

We are of the opinion that the cases cited by counsel, viz., Hakspacher v. Aetna Beneficial Ass'n, 55 Pa. Superior Ct. 410, Lieberman v. Columbia National Life Ins. Co., 47 Pa. Superior Ct. 276, and Wicks v. Bankers Indemnity Ins. Co., 14 Erie Co. L. J. 72, control.

### Conclusions of law

1. The plaintiff is entitled to indemnity for 1 week at the rate of $12.

2. The plaintiff is further entitled to indemnity for 3 4/7 weeks at the rate of $6 per week, or $21.43.

3. The plaintiff is also entitled to 10 percent advance thereon, or $3.34.

4. Judgment should be entered in favor of the plaintiff and against the defendant for $36.77, with interest from September 1, 1930.

### Order

And now, to wit, December 31, 1932, it is ordered that the prothonotary give notice to the parties, or their attorneys, of the decision of this court and, if no exceptions thereto are filed within 30 days after service of such notice, the prothonotary is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $36.77, with interest thereon from September 1, 1930.

From Jacob C. Loose, Mauch Chunk, Pa.